UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GC (XXX-XX-5193)                        CIVIL ACTION NO. 09-cv-1947

VERSUS                                  JUDGE HICKS

U.S. COMMISSIONER SOCIAL                MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

GC ("Plaintiff") was born in 1957, has a high school education, and past relevant work as a funeral home tent installer, truck driver, and warehouse worker. He applied for disability benefits based on back pain and hypertension. ALJ W. Thomas Bundy conducted a hearing and issued a decision that denied the claim. He reviewed the claim under the five-step sequential analysis. He found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. That RFC did not permit Plaintiff to perform his past relevant work, but Medical-Vocational Rules 202.21 and 202.14 directed a conclusion that there were other jobs available in significant numbers that Plaintiff could perform. Tr. 8-16. The Appeals Council denied a request for review. Tr. 1. Plaintiff then filed this civil action seeking judicial review.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal

standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff raises a single issue on appeal. He contends the ALJ did not adequately take into account evidence of side effects from his medication. The regulations require the Commissioner to consider the "type, dosage, effectiveness, and side effects of any medication [the claimant] take [s] or ha[s] taken to alleviate [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(IV). See Crowley v. Apfel, 197 F.3d 194, 199 (5th Cir.1999). Limitations caused by side effects must be taken into consideration when determining whether a claimant is disabled. The absence of a direct discussion of a claim of drowsiness or other side effect, which could be a significant non-exertional impairment, may deprive the agency decision of substantial evidence to support it and preclude an informed appellate review. C.A.B. v. Astrue, 2009 WL 3156544 (W.D. La. 2009). The presence of a significant non-exertional impairment would also prohibit the ALJ from relying solely on the Medical-Vocational Rules to meet his step-five burden. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987).

Plaintiff's application papers included a form that asked him to list his medications and any side effects. The medications included Flexeril, Lortab, and Uniretic. Plaintiff stated on the form that each of those three medicines caused drowsiness. Tr. 111. A function report in the record included Plaintiff's description of his daily activities. He stated that he often "take[s] a nap around 10:30 a.m. for about an hour and a half because the medications make me drowsy." Tr. 131.

Plaintiff and his wife testified at a hearing. Plaintiff was represented by counsel, and both the ALJ and counsel asked questions. Plaintiff told the ALJ, when describing what kept him from working, that he had trouble with his back and, "I can't sleep at night and when I lay on my right side I have trouble." Tr. 23-24. He described his daily activities as sitting around and trying to take it easy. He added:

> I can't do too much because I had to take so much medicine and I just can't sleep. I really can't sleep, I can't sleep too much at night. I just - - I don't do nothing, but take it easy.

Tr. 25. Plaintiff told the ALJ that he was taking prescription medicines, as directed by physicians, and they helped a little. Tr. 26-27. Counsel later examined Plaintiff's wife and asked if the testimony she had heard described Plaintiff's daily activities. She answered:

> Yes. He (inaudible) so much medication he take keep him drowsy. So, a lot of it - - he don't want to drive or do too much.

Tr. 35.

The ALJ's written decision set forth a summary of Plaintiff's medical problems and treatment. He noted Plaintiff's testimony that he sits around taking it easy and that his wife

had corroborated the testimony, "adding his medication caused drowsiness." Tr. 11. The ALJ discussed many of Plaintiff's medical problems, but he did not specifically address the credibility or weight he afforded the testimony about medication causing drowsiness.

The undersigned has ordered or recommended reversal in other cases where there was specific testimony or other evidence about side effects, the ALJ did not address the evidence in his decision, and the evidence presented a significant likelihood that it could affect the RFC. See, e.g., U.M. v. Commissioner, 09 CV 1426 (W.D. La.) and K.G. v. Commissioner, 09 CV 1615 (W.D. La.) In this case, however, reversal is not required. There was only a generic reference to drowsiness in the application papers, a brief and general mention of drowsiness by Plaintiff's wife, and apparently inconsistent testimony from Plaintiff that his medicine prevents him from sleeping. There was no suggestion that the drowsiness referred to by Plaintiff's wife was significant enough to prevent Plaintiff from performing the demands of mere light work. The record shows that Plaintiff was able to care for his personal needs, drive an automobile, attend church on Sundays, and babysit a young child. There was no particular task or activity that was said to be limited because of drowsiness.

The court should not vacate a decision based on a potential procedural flaw unless the substantial rights of a party have been affected. Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989); Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ( "Procedural perfection in administrative proceedings is not required."); and Morris v. Bowen, 864 F.2d 333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). See also Palomo v.

Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005).  The lack of a more specific discussion of the mentioned side effect is not, in the context of this case, a violation of substantial rights.  There is no significant likelihood, based on the record, that the outcome would be different if the court remanded the case to require the ALJ to specifically discuss the passing reference to drowsiness.  Such remand would serve only a desire for procedural perfection and would require the dedication of time and resources by the agency that could better be devoted to substantive issues in other cases.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of January, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE